At the time of the robbery, Marion County Sheriff's Deputy Brett Ruhe was at Duke's gas station, which is located across the street from the motel. Deputy Ruhe learned of the robbery through the police dispatcher, and arrived at the motel's parking lot within one minute of the call to 911. Deputy Ruhe decided to wait in the parking lot for the suspect to exit the motel.
A few minutes after arriving at the motel, Deputy Ruhe observed a small, dark colored car with its headlights off drive at a slow rate of speed from the rear parking lot of Aldi's Supermarket onto State Route 95. The vehicle proceeded westbound toward the City of Marion. Deputy Ruhe forwarded a description of the vehicle to the City of Marion Police Department.
Upon receiving the information disseminated by Deputy Ruhe, Police Officer Matthew Bayles stationed his cruiser at an intersection which leads into town. Shortly thereafter, Officer Bayles observed a black 1992 Nissan Sentra traveling at a high rate of speed approaching his location. The vehicle matched the description of the vehicle Deputy Ruhe had observed leaving the area of the motel. Thereupon, Officer Bayles began to follow the vehicle. Shortly thereafter, police officers performed a felony stop of Appellant's vehicle.
Upon searching the vehicle, the officers discovered a stocking cap and a pair of gloves in the glove compartment. The cap matched the description given to the police by the motel clerk. The police also found a loaded handgun under the front passenger seat — the seat Millisor had occupied at the time of the stop.
 The cumulative effect of the various errors committed in the Appellant's trial denied him due process of law and a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.
Appellant asserts in his first and third assignments of error that his convictions must be reversed due to prosecutorial misconduct. Specifically, Appellant asserts that the prosecutor committed prejudicial misconduct during the trial by accusing the defense of unethical behavior and of misleading the jury. For the following reasons, we disagree.
"[T]he touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982),455 U.S. 209, 210; see, also, State v. DePew, 38 Ohio St.3d 275,284. Further, the Supreme Court of Ohio has held that prosecutorial misconduct is not reversible error unless it deprives the defendant of a fair trial. State v. Maurer (1984),15 Ohio St.3d 239, 266. Absent an abuse of discretion, an appellate court will not reverse a trial court's determination of whether a prosecutor has gone beyond the bounds permitted.Pang v. Minch (1990), 53 Ohio St.3d 186, 194.
Appellant initially maintains that the prosecutor committed prejudicial misconduct by accusing the defense of unethical behavior. A review of the transcript reveals that the prosecutor accused the defense of unethical conduct during the trial. We note, however, that the prosecutor's remark was made to the
received a fair trial in every aspect of his trial and that his assertions of prosecutorial misconduct are without merit.
Accordingly, Appellant's first and third assignments of error are overruled.
Assignment of Error No. 2
 The trial court erred when it failed to grant Appellant's motion for acquittal, and the conviction was against the manifest weight of the evidence.
Appellant maintains in his assignment of error that the trial court erred in refusing to grant his motion for acquittal. Furthermore, Appellant asserts that the verdict is against the manifest weight of the evidence. For the following reasons, we disagree.
Appellant initially maintains that the trial court erred in failing to grant his motion for acquittal. A motion for acquittal is governed by Crim.R. 29(A). The rule states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
Crim.R. 29(A). The standard applied by a trial court when determining whether to grant a Crim.R. 29 motion is provided byState v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus, which states:
 [A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different
Appellant was convicted of three separate offenses.[1] First, Appellant was found guilty of aggravated robbery, in violation of R.C. 2911.01(A)(1). R.C. 2911.01 provides in relevant part:
 (A) No person, in attempting or committing a theft offense * * * shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
The evidence adduced at trial established that Appellant had driven Millisor to the Travelodge on the morning in question. Upon their arrival at the motel, Appellant parked in a secluded area adjacent to the motel. Shortly thereafter, Millisor entered the motel armed with a handgun — pointed the handgun at the clerk, and threatened to kill her unless she found the motel's safe. Upon Millisor returning to the car, Appellant drove through the parking lot of Aldi's Supermarket at a slow rate of speed with the headlights off. After conducting a felony stop and upon searching the vehicle, the police discovered a handgun, a stocking cap, and a pair of gloves in Appellant's vehicle.
Upon a review of the evidence in a light most favorable to the state, we find that a rational trier of fact could have found the elements of aggravated robbery were proven beyond a reasonable doubt.
Second, Appellant was convicted of carrying a concealed weapon, in violation of R.C. 2923.12(A). R.C. 2923.12(A) provides in pertinent part that:
Appellant further maintains in his assignment of error that the verdict is against the manifest weight of the evidence. For the following reasons, we disagree.
The Supreme Court of Ohio has held that in determining whether a verdict is against the manifest weight of the evidence appellate courts shall:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. The Court inThompkins also cautioned appellate courts to use discretion and only reverse convictions in extraordinary cases where the evidence clearly weighs in favor of reversal. Id. At 387.
Appellant was convicted of aggravated robbery, carrying a concealed weapon, and obstruction of justice. We have conducted a careful and thorough review of the record and find that the weight of the evidence supports the jury's verdict on each offense. The testimony of numerous witnesses as well as the other evidence adduced at trial supports the jury's finding of guilt on each offense. For these reasons, Appellant's proposition is without merit.
Accordingly, Appellant's assignment of error is overruled.
Pursuant to the test set forth by the Supreme Court of Ohio inNewark, we must first compare the elements of the two offenses. Upon doing so, it is clear that the crimes of complicity to commit aggravated robbery and the crime of obstruction of justice are not allied offenses of similar import within the meaning of R.C. 2941.25(A). The elements of proof of each crime do not correspond to such a degree that the commission of the one offense will result in the commission of the other. Therefore, we need not proceed to the second step of the analysis. For the reasons aforementioned, we find that the crimes of obstruction of justice and complicity to commit aggravated robbery are not allied offenses of similar import.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 5
 The defendant was wrongfully convicted and denied a fair trial when the jury was instructed as to complicity as an aider and abettor when the defendant was merely present and there was insufficient proof that he had participated in, conspired with, or had [a] preceding connection with the transaction, as the defendant's mere presence is not sufficient to make him an accomplice.
Appellant maintains in his final assignment of error that there was insufficient evidence to support the trial court's instruction to the jury on the charge of aiding and abetting. For the following reasons, we disagree.
We first note that Appellant failed to file a timely objection to the trial court's jury instructions as required by Crim.R. 30(A). Crim.R. 30(A) governs jury instructions and provides in pertinent part:
Appellant maintains that although he had driven Millisor to the Travelodge Motel, he had no knowledge of the robbery or the existence of the handgun, the stocking cap, or the pair of gloves which were found in his car. The facts adduced at trial, however, demonstrate otherwise.
At trial, the prosecution established that Appellant had driven Millisor to the Travelodge Motel on the morning in question. After the botched robbery, Appellant drove through the parking lot at a slow rate of speed with the headlights off. Appellant was also driving the vehicle at the time the vehicle was stopped by the police.
For the reasons aforementioned, we find there was sufficient evidence that Appellant aided and abetted Millisor in the commission of the crimes aforementioned. Therefore, the trial court's complicity instruction was proper. Accordingly, Appellant's assignment of error is overruled.
Having found no error upon which to reverse the decision of the trial court, the same is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J. concur.
[1] Appellant was also convicted of a firearm specification.